# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| EXCLUSIVELY CATS VETERINARY HOSPITAL, a Michigan professional corporation, individually and as the representative of a class of similarly situated persons, | )<br>)<br>) Civil Action No. 10-10620<br>)<br>)<br>) |
| Plaintiff, | ) HON. ARTHUR J. TARNOW |
| vs. | )<br>) |
| ANESTHETIC VAPORIZER SERVICES, INC., | )<br>)<br>) |
| Defendant. | )<br>) |

## **OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION [9]**

THIS CAUSE came before the Court on December 1, 2010 for argument and ruling on Plaintiff's Motion for Class Certification.

Plaintiff filed the complaint on February 12, 2010. Plaintiff submitted proof of service [5] on May 6, 2010. As of today, Defendant has not answered the complaint, nor has a notice of appearance been filed by counsel.

Plaintiff subsequently filed the instant Motion for Class Certification [9] on October 5, 2010, along with proof of service. Defendant failed to respond to the Motion. Plaintiffs then filed a Motion to Schedule Hearing [10] on October 29, 2010 asking the Court to set a hearing on the Motion and indicating that "Plaintiff's attorneys understand that Defendant is in liquidation, and that Defendant tendered this matter to its insurance

carrier which has refused to retain counsel and defend Defendant in this action." *See* Plaintiff's Motion to Schedule Hearing at 2.

Defendant is in default.

The Court has reviewed and considered said motion, as well as Plaintiff's brief in support thereof and the evidence appended to such memoranda, and is otherwise duly advised in the premises. It is hereby Ordered and Adjudged as follows.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court makes the following findings of fact and conclusions of law in support of class certification:

According to the Complaint's well-pleaded allegations, Defendant, Anesthetic Vaporizer Services, Inc. ("Defendant"), sent Exclusively Cats Veterinary Hospital ("Plaintiff") a fax promoting "Anesthesia Vaporizers for the Veterinary Profession," and "service-repair," "calibration," and "conversions" of such vaporizers. Plaintiff did not ask for the fax, or give Defendant's permission to send it. *See* Complaint at ¶¶ 10-11. Plaintiff has alleged and submitted evidence to show that Defendant hired a third-party fax broadcaster to send the same advertisement by fax to more than 8,335 other persons during a two-day period in June 2006. *See* Plaintiff's Motion for Class Certification, Exhibit A at ¶ 13.

Plaintiff seeks statutory damages and other relief from Defendant for allegedly violating the Telephone Consumer Protection Act, 47 U.S.C 227, et seq. (the "TCPA"), by sending these advertising faxes. *See* Class Action Complaint ("Complaint"). The TCPA forbids the use of "any telephone facsimile machine, computer, or other device to send, to a telephone facsimilie machine, an unsolicited advertisement." 47 U.S.C. § 227(b)(1)(C). An unsolicited advertisement is one sent without the recipient's "prior express invitation or permission." 47 U.S.C. § 227(a)(5).

Plaintiff has offered evidence showing that Defendant hired a company, "Business to Business Solutions" (B2B), to create and send a form advertisement by fax to persons in various states. *See* Plaintiff's Motion for Class Certification, Exhibit A. On June 7, 2006, Defendant sent a letter instructing B2B to send Defendant's advertisement by fax to 10,000 animal hospitals, veterinary hospitals, and animal medical centers in seventeen states, including Michigan. *Id.* Defendant paid B2B by check in the amount of $478.00. *Id.*

Plaintiff hired Robert Biggerstaff to analyze the computer data gathered from B2B. *See* Plaintiff's Motion for Class Certification, Exhibit H. Biggerstaff issued an expert report discussing his findings and concluded that Defendant's form advertisement was successfully faxed to 8,335 different fax numbers. *Id.* Other district courts have accepted Biggerstaff's expert opinions regarding fax transmissions, including two other B2B cases. *See CE Design, Ltd. v. Cy's*

*Crabhouse North, Inc.*, 259 F.R.D. 135, 139 (N.D. Ill. 2009) ("Biggerstaff interpreted and explained the data … based upon his own knowledge of computer-based fax programs…. He opined that the error-free entries indicating that a one page fax had been sent demonstrated that the fax attempt had been successful. These opinions reflect the application of his expertise to the data provided. That is enough to render the opinion sufficiently reliable and thus admissible for the purpose of the motion for class certification"); *see also G.M. Sign, Inc. v. Finish Thompson, Inc.*, No. 07 CV 5953, 2009 WL 2581324 at *1 (N.D. Ill. 2009) ("As such, GM Sign's Motion for Leave to Disclose is granted, and this Court will consider Biggerstaff's report in reviewing the Second Amended Motion for Class Certification"); *Holtzman v. Turza*, No. 08 C 2014, 2009 WL 3334909 at *3 (N.D. Ill. 2009) ("Here, Biggerstaff analyzed the data on the CDs provided to him… and drew conclusions based on his extensive knowledge of computer systems and fax transmission software…. His opinion was formed after reviewing the transmission logs using principles and methods used to analyze data generated by various similar systems. This is sufficient to render his opinion credible and reliable. It is left to the trier of fact to determine how much weight to ultimately give that opinion").

## **GOVERNING LEGAL STANDARD**

Class actions promote judicial economy by aggregating small claims into one lawsuit. "Class actions…permit the plaintiffs to pool claims which would be uneconomical to litigate individually…. [M]ost of the plaintiffs would have

4

no realistic day in court if a class action were not available." *See Phillips Petroleum v. Shutts*, 472 U.S. 797, 808-809 (1985); *see also Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1977) (class actions aggregate "relatively paltry potential recoveries into something worth someone's (usually an attorney's) labor"). "The district court retains broad discretion in determining whether an action should be certified as a class action, and its decision, based upon the particular facts of the case, should not be overturned absent a showing of abuse of discretion." *See Sterling v. Velsicol Chem. Corp.*, 855 F.2d 1188, 1197 (6th Cir. 1988).

Federal courts have certified TCPA cases like this one involving broadcast faxes to a target list provided by a third party. *See Hinman v. M and M Rental Center, Inc.*, 545 F. Supp. 2d 802, 804 (N.D. Ill. 2008), *app. denied* (08-8012) (7th Cir. Jun 13, 2008) (fax broadcasts were sent *en masse* to recipients on a list of "leads" that were purchased "from a company called Corporate Marketing, Inc."); *see also Targin Sign Systems, Inc. v. Preferred Chiropractic Center, Ltd.*, 679 F. Supp. 2d 894 (N.D. Ill. 2010); *CE Design, supra; Holtzman, supra; Green v. Service Master On Location Services Corp.*, No. 07 C 4705, 2009 WL 1810769 (N.D. Ill. 2009); *Sadowski v. Med1 Online, LLC*, No. 07 C 2973, 2008 WL 2224892 (N.D. Ill. 2008) (defendant used "WestFax to send at least 380,919 faxes over a three day period"); *G.M. Sign, Inc. v. Group C Communications, Inc.*, No. 08-CV-4521, 2010 WL 744262 (N.D. Ill. 2010). The *CE Design* and *Targin Sign* cases involved B2B's fax broadcasts.

5

**I.     Rule 23(a) analysis.**

Rule 23(a) provides four requirements: (1) that the proposed "class is so numerous that joinder of all members is impracticable;" (2) that "there are questions of law or fact common to the class;" (3) that "the claims… of the representative part[y] are typical of the claims… of the class;" and (4) that "the representative part[y] will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).

**A.     Numerosity.**

The numerosity requirement of Rule 23(a)(1) is satisfied where "the class is so numerous that joinder of all members [of the Class] is impracticable." Fed. R. Civ. P. 23(a)(1); *see also Golden v. City of Columbus,* 404 F.3d 950, 965 (6th Cir. 2005). A plaintiff need not prove the precise number of members in a class, but must ordinarily demonstrate some evidence or a reasonable estimate of the number of purported class members. *See CE Design,* 259 F.R.D. at 140.

The Sixth Circuit has held that a class of 35 employees can meet the numerosity requirement. *See Afro American Patrolmen's League v. Duck,* 503 F.2d 294, 298 (6th Cir. 1974).

According to the evidence before the Court, Defendant's single-page advertisement was sent by facsimile to more than 8,000 different fax numbers. *See* Plaintiff's Motion for Class Certification, Exhibit H at ¶ 13, Ex. 4. Individual joinder of these class members is not practicable. Rule 23(a)(1)'s "numerosity" standard is satisfied.

**B.     Commonality.**

Rule 23(a)(2) requires a common question of law or fact. *See Bittinger v. Tecumseh Products Co.,* 123 F.3d 877, 884 (6th Cir. 1997). Commonality does not require that all class members share identical claims and facts. *See Sterling,* 855 F.2d at 1197. Rather, plaintiff must demonstrate the existence of "a single issue common to all members of the class." *See In re Am. Med. Sys., Inc.,* 75 F.3d 1069, 1079 (6th Cir. 1996).

The test is "qualitative rather than quantitative, that is, there need be only a single issue common to all members of the class." *See In re Am. Sys.*, 75 F.3d at 1080 (citation and internal quotation marks omitted). Even "one question common to the class" can satisfy the commonality requirement under Rule 23(a). *See Sprague v. General Motors Corp.,* 133 F.3d 388, 397 (6th Cir. 1997).

Here, the facts before the Court show that Defendant engaged in standardized conduct involving a common nucleus of operative facts by faxing the same document to Plaintiff and the other class members. This case involves common fact questions about Defendant's fax campaign and common legal questions under the TCPA including:

      a.    Whether Defendant's fax is an "advertisement";

      b.    Whether Defendant violated the TCPA by faxing that advertisement without first obtaining express invitation or permission to do so;

      c.    Whether Plaintiff and the other class members are entitled to

>     statutory damages;
>
> d.  Whether Defendant's acts were "willful" or "knowing" under the TCPA and, if so, whether the Court should treble the statutory damages; and
>
> e.  Whether the Court should enjoin Defendant from future violations of the TCPA.

Therefore, the Court finds that the "commonality" requirement of Rule 23 is satisfied.

## C. Typicality.

A claim meets the typicality prerequisite of Rule 23(a)(3) if "it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory." *See In re Am Med. Sys., Inc.,* 75 F.3d at 1082 (quoting 1 NEWBERG ON CLASS ACTIONS, section 3:13 at 3-76 (3d ed. 1992)). "Typicality determines whether a sufficient relationship exists between the injury to the named plaintiff and the conduct affecting the class, so that the court may properly attribute a collective nature to the challenged conduct." *See Sprague,* 133 F.3d at 399 (citation and internal quotation marks omitted).

When, as here, the legal theory under which the plaintiffs would proceed is the same, typicality is satisfied even if some factual differences exist. *See Daffin v. Ford Motor Co.,* 458 F.3d 549, 552-53. "A necessary consequence of the typicality requirement is that the representative's interests will be aligned with those of the represented group, and in pursuing his own claims the

named plaintiff will also advance the interests of the class members." *See Sprague*, 133 F.3d at 399 (quoting 1 NEWBERG, supra, § 3.13, at 3-75). As the Sixth Circuit observed, "[A]s goes the claim of the named plaintiff, so go the claims of the class." *Sprague,* 133 F.3d at 399.

The facts before the Court show that each class member received the same fax. Each member's claim is based on the same legal theory as Plaintiff's. Plaintiff's claims are typical of the other class members' claims.

**D. Adequacy of representation.**

**1. Rule 23(a)(4)'s adequacy requirement.**

Rule 23(a)'s final requirement is that the class representative must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4); *see also In re Am. Med. Sys.*, 75 F.3d at 1083. "To satisfy this requirement Plaintiffs must show that: (1) the representatives' interests do not conflict with the class members' interests, and (2) the representatives and their attorneys are able to prosecute the action vigorously." *In re Cardizem CD Antitrust Litig.*, 200 F.R.D. 326, 336 (E.D. Mich. 2001) (citing *In re NASDAQ Market-Makers Antitrust Litig.,* 169 F.R.D. 493, 512 (S.D.N.Y. 1996)). The Sixth Circuit has observed that "[t]he adequate representation requirement overlaps with the typicality requirement because in the absence of typical claims, the class representative has no incentives to pursue the claims of the other class members." *In re Am. Med. Sys.*, 75 F.3d at 1083.

Here, Plaintiff and the other class members seek statutory damages

under the TCPA. Their interests are aligned and the Court finds that Plaintiff is an adequate representative of the class.

### 2. Rule 23(g)'s adequacy of class counsel requirement.

Plaintiff's counsel appear well qualified to represent the Class. In determining whether counsel are qualified, the Court considers four factors: (1) "the work counsel has done in identifying or investigating potential claims"; (2) "counsel's experience in handling class actions"; (3) "counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). As evidenced by their resumes submitted to the Court, Plaintiff's counsel are experienced lawyers who are qualified to act as counsel for the class. *See* Plaintiff's Motion for Class Certification, Exhibit G. Other courts have appointed these lawyers as class counsel in other class actions, in particular other class actions involving TCPA claims. *E.g., CB Design*, supra*; Targin Sign,* supra*; G.M. Sign.* supra*; Holtzman,* supra*.* Plaintiff's counsel are expected to commit adequate resources, both staffing and monetary, to ensure that the class is properly represented in this case.

## II. Rule 23(b)(3) analysis.

To proceed with a class under Rule 23(b)(3), the plaintiff must show that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the

controversy." Fed. R. Civ. P. 23(b)(3).

### A. Predominance.

Rule 23(b)(3) requires the Court to find that common questions of law or fact predominate over individual questions. Rule 23(b)(3)'s predominance resembles Rule 23(a)(3)'s typicality requirement. *Ball v. Union Carbide Corp.*, 385 F.3d 713, 728 (6th Cir. 2004). "The commonality requirement is satisfied if there is a single factual or legal question common to the entire class. The predominance requirement is met if this common question is at the heart of the litigation." *Powers v. Hamilton County Public Defender Comm'n*, 501 F.3d 592, 619 (6th Cir. 2007).

As discussed above, common legal issues predominate because the class members' claims arise under a single, identical federal statute. Common fact issues predominate because the class members' claims are focused on Defendant's fax broadcasting campaign, which included (1) preparing a single form document promoting its product; and (2) having that document sent by fax to thousands of persons on June 8 and June 9, 2006.

### B. Superiority.

Finally, Rule 23(b)(3) requires the Court to find that a class action be the superior method for adjudicating the claims. Certifying a class is the superior way to adjudicate claims when a "class action would achieve economies of time, effort, and expense, and promote…uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about

11

other undesirable results." *See Amchem Prods. v. Windsor*, 521 U.S. 591, 615 (1997) (citation and internal quotation marks omitted). In *Amchem*, the Supreme Court noted that one of the purposes underlying Rule 23(b)(3) was "vindication of the rights of groups of people who individually would be without effective strength to bring their opponents into court at all." *Id*. at 617 (citation and internal quotation marks omitted).

In the *Hinman* case, *supra,* the court found that "resolution of the [TCPA] issues on a classwide basis, rather than in thousands of individual lawsuits... would be an efficient use of both judicial and party resources." *Id.*, 545 F. Supp. 2d at 808; *see also Sadowski*, 2008 WL 2224892 at *5 ("class treatment appears to be the superior method of handling Plaintiff's [TCPA] claims"); *Green*, 2009 WL 1810769 at *3 ("Resolution of the issues on a classwide basis, rather than thousands (or zero) individual lawsuits is an efficient use of judicial resources. The superiority element of Rule 23(b) is satisfied").

From the evidence presented to the Court, a class action appears superior to individual actions for TCPA violations, because the maximum recovery for each class member is only $500 and the TCPA does not allow for fee shifting.

**WHEREFORE:**

1. For the foregoing reasons, and in consideration of all of the relevant facts under Rule 23, the Court finds that Plaintiff and its counsel have satisfied all of the applicable elements and requirements of Rules 23(a), (b)(3)

and (g). Pursuant to Rule 23(c)(1)(B), the Court certifies the following class:

> All persons who were sent faxes on June 8, 2006, or June 9, 2006, by or on behalf of "Anesthetic Vaporizer Services, Inc." of Clarence, New York, offering "anesthesia vaporizers for the veterinary profession" and a "$25 discount on any vaporizer service performed before Dec. 31, 2006."

3. Excluded from the class are: (1) Defendant, any entity in which Defendant has a controlling interest or which has a controlling interest in Defendant, and Defendant's legal representatives, predecessors, successors, and assigns; (2) the judicial officers to whom this case is assigned; and (3) any member of the immediate family of excluded persons.

4. The Court finds that EXCLUSIVELY CATS VETERINARY HOSPITAL is an adequate class representative and it is appointed to represent the class of individuals meeting the class definition.

5. The Court appoints Plaintiff's counsel, the law firms of Sommers Schwartz, P.C., Anderson + Wanca, and Bock & Hatch, LLC, as class counsel.

6. The Court has reviewed the proposed notice submitted by Plaintiff's counsel and finds it to be appropriate and approves it for dissemination by fax only to class members.

**SO ORDERED.**

S/ARTHUR J. TARNOW

Arthur J. Tarnow

Senior United States District Judge

Dated: December 27, 2010



I hereby certify that a copy of the foregoing document was served upon counsel of record and Anesthetic Vaporizer Services, Inc.
c/o Registered Agent – Keith Jones, President, 10185 Main Street, Clarence, New York 14031on December 27, 2010, by electronic and/or ordinary mail.

                        S/LISA M. WARE

                        Case Manager