UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| EXCLUSIVELY CATS VETERINARY HOSPITAL, a Michigan professional corporation, individually and as the representative of a class of similarly situated persons, | ) ) ) ) ) ) ) |
| Plaintiff, | ) |
| vs. | ) ) |
| ANESTHETIC VAPORIZER SERVICES, INC., | ) ) ) |
| Defendant. | ) |

Civil Action No. 10-10620

HON. ARTHUR J. TARNOW

_____/

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, Exclusively Cats Veterinary Hospital, individually and as the representative of a class of similarly-situated persons (the "Class"), moves pursuant to FED. R. CIV. P. 56 for entry of summary judgment in favor of the Class and against Defendant on the single-count Class Action Complaint.

1. Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), by sending advertisements by fax without the recipients' prior express invitation or permissions.

2. The TCPA provides statutory damages of $500 per violation. 47 U.S.C. § 227 (b) (3) (B) (creating private right of action "to recover for actual monetary loss for such violation, or to receive $500 in damages for each such violation, whichever is greater").

3. Defendant's advertisement was sent by fax 8,319 times in violation of

the TCPA.

4.      Therefore, Plaintiff respectfully requests that the Court award statutory damages in the amount of $4,159,500.00 (8,319 violations times $500 per violation).

5.      In further support of this motion, Plaintiff submits a Memorandum in Support Of Summary Judgment.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of the Class and against Defendant in the amount of $4,159,500.00 (8,319 violations times $500 per violation).

Dated:  July 1, 2011.                     Respectfully submitted,

                                          EXCLUSIVELY CATS VETERINARY HOSPITAL, individually and as the representative of a class of similarly-situated persons

                                          /s/ Phillip A. Bock

| Jason R. Thompson | Phillip A. Bock |
| --- | --- |
| SOMMERS SCHWARTZ, P.C. | BOCK & HATCH, LLC |
| 2000 Town Center, Suite 900 | 134 N. La Salle St., Suite 1000 |
| Southfield, MI  48075 | Chicago, IL  60602 |
| Telephone:  248/355-0300 | Telephone:  312/658-5500 |

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL  60008
Telephone:  847/368-1500

## CERTIFICATE OF SERVICE

       I hereby certify that, on July 1, 2011, I electronically filed the foregoing Motion for Summary Judgment (with supporting brief and exhibits) with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys who have appeared in this matter:

### For Plaintiff:

Jason R. Thompson
SOMMERS SCHWARTZ, P.C.
2000 Town Center, Suite 900
Southfield, MI  48075
Telephone:   248/355-0300
jthompson@sommerspc.com

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL  60008
Telephone:  847/368-1500

### For Defendant:

No appearance.

                                                /s  Phillip A. Bock

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| EXCLUSIVELY CATS VETERINARY HOSPITAL, a Michigan professional corporation, individually and as the representative of a class of similarly situated persons, | ) ) ) ) ) ) | Civil Action No. 10-10620 |
| Plaintiff, | ) | HON. ARTHUR J. TARNOW |
| vs. | ) ) | |
| ANESTHETIC VAPORIZER SERVICES, INC., | ) ) ) | |
| Defendant. | ) | |

_____/

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

JASON J. THOMPSON (P47184)
Sommers Schwartz, P.C.
Attorney for Plaintiff
2000 Town Center, Suite 900
Southfield, MI 48075
248-355-0300
jthompson@sommerspc.com

PHILLIP A. BOCK
Bock & Hatch, LLC
134 N. La Salle, Suite 1000
Attorney for Plaintiff
Chicago, IL 60602
312-658-5500
phil@bockhatchllc.com

BRIAN J. WANCA
Anderson + Wanca
Attorney for Plaintiff
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
847-368-1500
bwanca@andersonwanca.com

## STATEMENT OF ISSUE

1. Whether the Court should enter summary judgment in favor of the certified class and against Defendant in the amount of $4,159,500.00, calculated at $500.00 for each of Defendant's 8,319 violations of the TCPA. 47 U.S.C. § 227 (b) (3) (B) (creating private right of action "to recover for actual monetary loss for such violation, or to receive $500 in damages for each such violation, whichever is greater").

## AUTHORITY FOR THE RELIEF SOUGHT

47 U.S.C. § 227 (b) (3) (B)

Fed. R. Civ. P. 56

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986)

*G.M. Sign, Inc. v. Group C Communications, Inc.*, Case No. 1:08-cv-04521 (N.D. Ill. Jan. 10, 2011) (Darrah, J.) (Exhibit F)

*Hinman v. M and M Rental Center, Inc.*, 596 F. Supp. 2d 1152, 1163 (N.D. Ill. 2009) (Bucklo, J.)

.

TABLE OF CONTENTS

Page

STATEMENT OF ISSUE ..................................................................................................i

AUTHORITY FOR THE RELIEF SOUGHT ................................................................ii

MEMORANDUM ............................................................................................................ 1

I. INTRODUCTION ................................................................................................ 1

II. UNDISPUTED FACTS ........................................................................................ 2

    A. Exhibits indicating Anesthetic Vaporizer's fax advertising campaign. .................................................................................................... 2

    B. Anesthetic Vaporizer hired Business to Business Solutions to coordinate a fax advertising campaign. ..................................................... 2

    C. Anesthetic Vaporizer did not receive prior express invitation or permission from the targets of the fax campaign. .................................. 3

    D. Anesthetic Vaporizer's advertisement was successfully faxed to 8,335 different fax numbers. .................................................................. 3

III. SUMMARY JUDGMENT STANDARD ............................................................ 4

IV. ARGUMENT ........................................................................................................ 5

    A. Courts have granted class-wide summary judgment in cases alleging violations of the TCPA. ............................................................ 6

    B. Anesthetic Vaporizer sent "advertisements." .......................................... 6

    C. Anesthetic Vaporizer's faxes to the InfoUSA list were "unsolicited." ............................................................................................. 8

    D. Anesthetic Vaporizer sent its ads by "facsimile machine." ..................... 8

    E. The Class is entitled to $500 in statutory damages per violation. .......... 9

V. CONCLUSION ..................................................................................................... 9

MEMORANDUM

Plaintiff, Exclusively Cats Veterinary Hospital, individually and as the representative of a certified class of similarly-situated persons (the "Class"), submits the following memorandum in support of its motion for summary judgment in favor of the Class.

## I.   INTRODUCTION

Pursuant to the Court's Opinion and Order Granting Plaintiff's Motion For Class Certification of December 27, 2010, Plaintiff represents the following Class:

> All persons who were sent faxes on June 8, 2006, or June 9, 2006, by or on behalf of "Anesthetic Vaporizer Services, Inc." of Clarence, New York, offering "anesthesia vaporizers for the veterinary profession" and a "$25 discount on any vaporizer service performed before Dec. 31, 2006."

The Class seeks recovery under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. In particular the Class seeks summary judgment in the amount of $500 in statutory damages for each time Anesthetic Vaporizer Services, Inc. ("Anesthetic Vaporizer") sent an "unsolicited facsimile advertisement" to one of the Class's "facsimile machines."

The record in this case shows that there is no genuine issue of material fact as to each element of the Class's TCPA claims. Defendant's advertisement was sent to 8,335 different fax numbers. Sixteen class members opted-out of the class after receiving the class notice, leaving 8,319 violations. *See* Report Regarding Class Opt-Outs (Doc. 20).

Accordingly, Plaintiff respectfully requests that the Court enter summary judgment in favor of the Class and against Anesthetic Vaporizer in the total amount

1

of $4,159,500.00 ($500 for each of the 8,319 violations at issue).

## II. UNDISPUTED FACTS

### A. Exhibits indicating Anesthetic Vaporizer's fax advertising campaign.

Discovery and archived computer data show that Anesthetic Vaporizer's form advertisement was successfully faxed to 8,335 different fax numbers. Copies of the following are attached to evidence Anesthetic Vaporizer's fax advertising campaign: (1) Class Action Complaint ("Complaint") (Doc. 1); (2) New York Secretary of State entity information regarding Anesthetic Vaporizer Services, Inc., Exhibit A; (3) Expert Report of Robert Biggerstaff (January 19, 2010) with redacted Exhibits 1-4 ("Biggerstaff Report"),[1] Exhibit B; (4) Affidavit And Declaration of Caroline Abraham (December 28, 2010) ("Abraham Affidavit"), Exhibit C; (5) Declaration of Caroline Abraham (December 28, 2010) ("Abraham Declaration"), Exhibit D; and (6) Declaration of Steven J. Bailey (June 20, 2011) ("Bailey Declaration"), Exhibit E.

Plaintiff is a Michigan professional corporation. Complaint at ¶ 8; and Bailey Declaration at ¶ 3. Defendant Anesthetic Vaporizer is an active New York corporation. Complaint at ¶ 9; and Exhibit A.

### B. Anesthetic Vaporizer hired Business to Business Solutions to coordinate a fax advertising campaign.

Business to Business Solutions ("B2B") was a fax advertising entity a woman named Caroline Abraham operated from August 2005 until September 2007. Abraham Declaration at ¶ 2. B2B worked with a Romanian company named Macaw

---

[1] To reduce the page length of the exhibits, Plaintiff redacted fax transmission data from the Biggerstaff Report. Mr. Biggerstaff can also identify the names and addresses corresponding to the fax numbers in the database.

and acted as its agent in the United States. *Id.* at ¶ 3. B2B "quarterbacked" the entire junk faxing operation from here in the United States. *Id.* at ¶¶ 3, 6-13.

B2B created sample advertisements for Anesthetic Vaporizer's review. Abraham Affidavit at 005-008. Anesthetic Vaporizer then took B2B's sample advertisements and made up their own advertisement. *Id.* at 009-011. Anesthetic Vaporizer authorized the final form of the fax advertisement and instructed B2B to send "10,000 fax ads." *Id.* at 018. Anesthetic Vaporizer sent B2B payment of $478.00 so B2B could fax Defendant's advertisement to 10,000 persons. *Id.* at 018-019, 023.

### C. Anesthetic Vaporizer did not receive prior express invitation or permission from the targets of the fax campaign.

B2B sent the advertisements to fax numbers in a database B2B had purchased from InfoUSA. Abraham Declaration at ¶ 6. Nobody received prior express permission or invitation ("consent") from the targeted companies before sending Defendant's advertising fax. *Id.* Anesthetic Vaporizer did not ask Plaintiff for its consent to send it a fax advertisement. Declaration of Bailey at ¶ 4. Plaintiff never conducted business with Anesthetic Vaporizer. *Id.* at ¶ 5.

### D. Anesthetic Vaporizer's advertisement was successfully faxed to 8,335 different fax numbers.

Plaintiff's expert, Robert Biggerstaff, has reviewed B2B's archived computer files and business records, including computer files permitting identification of the class members and advertisements. *See* Biggerstaff Report. He reviewed the contents of a "DVD-ROM labeled 'FAXING (1,2,3) 060715'" containing the fax transmission logs and other information. Biggerstaff Report, ¶¶ 7.a, 9-12, Ex. 1; *see also* Abraham Declaration at ¶¶ 4-5. According to Biggerstaff, Wagener's fax

3

transmissions occurred as follows:

| Transmittal Date/Transmission Log File Name/Archive Directory | Successful and Error-Free | Biggerstaff Report and Exhibits |
|---|---|---|
| June 9, 2006 \fax2\FAXING\FaxBak\2006.06.09-Jones\ | 8,335 | Report, ¶¶ 13-14, Exs. 3-4 |

"This log file also shows that 8,335 transmissions were successful and error-free transmissions of a 1 page fax. I have summarized the contents of this fax log file into Exhibit 3 attached to this report." Biggerstaff Report, ¶ 13. "I then took the 8,335 fax numbers that received the successful and error-free transmissions of a 1 page fax, sorted them, and printed them in the attached Exhibit 4 to this report." Biggerstaff Report, ¶ 14. Plaintiff has redacted fax transmission pages from Biggerstaff's report before filing it in the court file.

## III. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where the record and affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). A genuine issue is one that could be resolved in favor of either party, and a material fact is one that has the potential of affecting the outcome of the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-50 (1986). The existence of merely a scintilla of evidence in support of the non-moving party's position is insufficient; there must be evidence on which the jury could reasonably find for the non-moving party. *Id.* at 252. The First Circuit articulated that the non-moving party "requires more than the frenzied brandishing of a cardboard sword" if the

4

non-moving party is to defeat summary judgment. *Calvi v. Knox County*, 470 F.3d 422, 426 (1st Cir. 2006).

## IV. ARGUMENT

Plaintiff's claims arise under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. At the time of the facsimile transmissions at issue in the present action, the TCPA stated in relevant part as follows:

> § 227. Restrictions on use of telephone equipment
>
> (a) Definitions
> As used in this section—
> ...
> (2) The term "telephone facsimile machine" means equipment which has the capacity (A) to transcribe text or images, or both, from paper into an electronic signal and to transmit that signal over a regular telephone line, or (B) to transcribe text or images (or both) from an electronic signal received over a regular telephone line onto paper.
> ...
> (4) The term "unsolicited advertisement" means any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission.
>
> (b) Restrictions on use of automated telephone equipment
>     (1) Prohibitions
> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
> ...
>     (C) to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine
> ...
>     (3) Private right of action
>     A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—
> ...
>     (B) an action to recover for actual monetary loss for such violation, or to receive $500 in damages for each such violation,

whichever is greater. [47 U.S.C. § 227 (2005).]

There is no genuine issue of material fact with respect to each element of Plaintiff's and the Class's TCPA claims.

### A. Courts have granted class-wide summary judgment in cases alleging violations of the TCPA.

Other courts have granted summary judgment in class actions involving violations of the TCPA and Plaintiff offers those decisions as persuasive authority in support of this motion. *See, e.g.*, *G.M. Sign, Inc. v. Group C Communications, Inc.*, Case No. 1:08-cv-04521 (N.D. Ill. Jan. 10, 2011) (Darrah, J.) (entering summary judgment for $18,921,000, calculated as $500 per fax for 37,842 faxes sent in violation of the TCPA) (Exhibit F); *Hinman v. M and M Rental Center, Inc.*, 596 F. Supp. 2d 1152, 1163 (N.D. Ill. 2009) (Bucklo, J.) ("The plaintiff class is entitled to statutory damages in the amount of $3,862,500, based on the total of 7,725 unsolicited advertisements that defendants sent in Faxes # 4 and # 5."); *see also National Union Fire Ins. Co. of Pittsburgh v. ESI Ergonomics Solutions, LLC*, 342 F. Supp. 2d 853 (D. Ariz. 2004) (noting state court's entry of summary judgment in the amount of $40,446,580.00, calculated at $500.00 per fax plus statutory interest).

### B. Anesthetic Vaporizer sent "advertisements."

The TCPA defines an "advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services." 47 U.S.C. § 227 (a) (4). The content of the faxes Anesthetic Vaporizer sent to the B2B list purchased from InfoUSA described the commercial availability or quality of Anesthetic Vaporizer's services. Abraham Affidavit at 021. The advertisement at

6

issue is attached as Exhibit A to Plaintiff's Class Action Complaint. In pertinent part, the document appears as follows:



**Attn: Surgery-Anesthesia**

# Anesthetic Vaporizer Services, Inc
10185 Main Street
Clarence, New York 14031-2050
www.avapor.com

Phone & Fax: (716) 759-8490

# Anesthesia
## Vaporizers for the Veterinary Profession

## Service-Repair Calibration Conversions

> In Business Since 1978 <
Anesthetic Vaporizer Services
is our ONLY business

**SPECIAL** $25 Discount on Any Vaporizer Service Performed Before Dec 31, 2006
(valid for new customers only) **SPECIAL**

Prompt, Efficient Service ★ We Offer Drug Conversions

For Details, Call **716-759-8490**

Abraham Declaration at 021; and Complaint at Ex. A. There is no genuine issue of material fact that Anesthetic Vaporizer sent an "advertisement" as that word is defined by section 227 (a) (4) of the TCPA.

7

### C. Anesthetic Vaporizer's faxes to the InfoUSA list were "unsolicited."

The TCPA defines "unsolicited" as material "transmitted to any person without that person's prior express invitation or permission." 47 U.S.C. § 227 (a) (4). Anesthetic Vaporizer did not ask permission from anyone on the B2B list purchased from InfoUSA before sending them Anesthetic Vaporizer's fax advertisements. Abraham Declaration at ¶ 6; Bailey Declaration at ¶ 4.

Every person who is on the list purchased from InfoUSA fits the class definition. There is no genuine issue of material fact as to whether Anesthetic Vaporizer sent fax advertisements to the InfoUSA list "without that person's prior express permission or invitation."

### D. Anesthetic Vaporizer sent its ads by "facsimile machine."

The TCPA makes it "unlawful" to use any "computer, or other device to send an unsolicited advertisement to a telephone facsimile machine." 47 U.S.C. § 227 (b) (1) (C). A "facsimile machine" is defined as "equipment which has the <u>capacity</u> … to transcribe text or images (or both) from an electronic signal received over a regular telephone line onto paper." 47 U.S.C. § 227 (a) (2) (emphasis added).

Anesthetic Vaporizer authorized the final form of the fax advertisement and instructed B2B to send "10,000 fax ads." Abraham Affidavit at 018. Plaintiff's expert, Robert Biggerstaff, reviewed B2B's archived computer files and business records. *See* Biggerstaff Report. He reviewed the contents of a "DVD-ROM labeled 'FAXING (1,2,3) 060715'" containing the fax transmission logs and other information. Biggerstaff Report, ¶¶ 7.a, 9-12, Ex. 1; *see also* Abraham Declaration

8

at ¶¶ 4-5. Biggerstaff concluded that "[t]his log file also shows that 8,335 transmissions were successful and error-free transmissions of a 1 page fax…." Biggerstaff Report, ¶ 13.

### E. The Class is entitled to $500 in statutory damages per violation.

The TCPA creates a private cause of "action to … receive $500 in damages for each such violation." 47 U.S.C. § 227 (b) (3) (B). Each time Anesthetic Vaporizer's form advertisement was sent to a fax number on the InfoUSA list, Anesthetic Vaporizer violated the TCPA. Counting only the successful fax transmissions, Anesthetic Vaporizer violated the TCPA 8,335 times. *See* Biggerstaff Report, Exs. 3-4. Subtracting the 16 faxes received by the persons who requested exclusion from the certified class, leaves 8,319 violations at issue. Therefore, Plaintiff respectfully requests that the Court award statutory damages in the amount of $4,159,500.00 (8,319 violations times $500 per violation).

## V. CONCLUSION

For the foregoing reasons, Plaintiff requests entry of summary judgment against Defendant and in favor of the Class in the amount of $4,159,500.00.

Dated: July 1, 2011.   Respectfully submitted,

EXCLUSIVELY CATS VETERINARY HOSPITAL., individually and as the representative of a class of similarly-situated persons

/s/ Phillip A. Bock

| | |
|---|---|
| Jason R. Thompson<br>SOMMERS SCHWARTZ, P.C.<br>2000 Town Center, Suite 900<br>Southfield, MI 48075<br>Telephone: 248/355-0300 | Phillip A. Bock<br>BOCK & HATCH, LLC<br>134 N. La Salle St., Suite 1000<br>Chicago, IL 60602<br>Telephone: 312/658-5500 |

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500